**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS W. DAVIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>T. VILLAGRANA, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-01897-AWI-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING ACTION PROCEED ON RETALIATION CLAIM AGAINST VILLAGRANA, AND OTHER CLAIMS AND PARTIES BE DISMISSED<br><br>(Doc. 1)<br><br>THIRTY-DAY OBJECTION PERIOD |

**Findings and Recommendations Following Screening of Complaint**

**I.      Screening Requirement**

Plaintiff Francis W. Davis, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 29, 2009. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

## II. Plaintiff's Claims

### A. Summary of Factual Allegations

The events at issue in this action occurred at the California Substance Abuse Treatment Facility in Corcoran, California in 2008 and 2009.[1] At the time, Plaintiff was an inmate worker at the peanut butter and jelly plant, a Prison Industry Authority (PIA) program. (Doc. 1, Comp., court record p. 18.) Plaintiff seeks to impose liability under section 1983 against T. Villagrana, PIA Supervisor; T. Dunn, PIA Superintendent; and R. Roehlk, PIA Administrator. Plaintiff alleges that his pay was impermissibly reduced, in violation of his rights under the First Amendment and the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

Plaintiff refused to report to work on October 27, 2008, because security staff would not allow him to bring his hairbrush in with him. On October 28, 2008, Plaintiff again refused to report

---

[1] Plaintiff is currently at Mule Creek State Prison in Ione.

2

to work, because he was not permitted to wear his long john shirt and beanie/skull cap. (Id., pp. 14, 18, 19.) On October 27, 2008, Correctional Officer Wajda, a Facility D PIA officer, authored a CDC-128-A chrono against Plaintiff for refusal to work, and on October 30, 2008, he authored a CDC-115 Rules Violation Report against Plaintiff based on Plaintiff's refusal to perform work two days in a row. (Id., p. 18-19.)

The disciplinary hearing on the CDC-115 rules violation was held on November 10, 2008. (Id., p. 32.) The hearing officer found that it was reasonable to believe the events occurred as reported, but because Plaintiff never made it to his work assignment, he could not have refused to perform his assigned duties as reported within the body of the rules violation report. (Id., p. 33.) The hearing officer found that it was in the interest of justice to dismiss the charge and he did so. (Id.) A "Dismissal Chrono" documenting that Plaintiff was found not guilty and the charge was dismissed in the interest of justice was authored by the hearing officer on November 10, 2008. (Id., p. 35.)

On November 10, 2008, Plaintiff returned to work and was told by Defendant Villagrana that his pay would have been reduced if he had been found guilty of the rules violation, but it would remain the same because he was found not guilty. (Id., p. 12.) On November 18, 2008, Plaintiff was called to Defendant Villagrana's office and told that effective December 1, 2008, his pay was going to be reduced. (Id., pp. 12, 14.) Defendant Villagrana told Plaintiff that his pay was being reduced because his refusal to go to work those two days affected the shop's production. (Id., p. 14.) Defendant Villagrana asked Plaintiff to withdraw his appeal against Officer Wajda, but Plaintiff refused. (Id., p. 5.) Plaintiff alleges that because he was found not guilty of the CDC-115 rules violation and he did not receive a CDC-128-B chrono, it was impermissible for Defendant Villagrana to reduce his pay and he did it to retaliate against Plaintiff for filing a grievance against Officer Wajda. (Id., pp. 5, 14.)

On December 1, 2008, Plaintiff filed a grievance against Defendant Villagrana for reducing his pay. (Id., p. 12.) Plaintiff's appeal was denied at the informal level of review by Defendants Dunn and Roehlk, who found that Defendant Villagrana acted within the scope of his duties and that

///

Plaintiff's pay was reduced because he was subject to disciplinary action via the 128-B chrono. (Id., p. 26.) The appeal was thereafter denied at all levels of review. (Id., pp. 12-13, 36-37, 39-40.)

### B.  Retaliation Claim

An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance may support claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff alleges that his pay was reduced by Defendant Villagrana because he refused to withdraw the grievance he filed against Officer Wadja, and that there was no penological justification for the wage reduction because he was found not guilty of the CDC-115 rules violation and he never received a CDC-128-B chrono, both of which would have been grounds for a pay reduction. Plaintiff's allegations are sufficient to support a claim for relief under the First Amendment. The Court recommends that this claim proceed.

### C.  Due Process Claim

Plaintiff alleges his wages were reduced without due process. To state a cognizable due process claim, Plaintiff must show he was deprived of a protected interest without the process he was due. Serra v. Lapin, 600 F.3d 1191, 1196 (9th Cir. 2010). Absent the existence of a protected property interest in his wages, Plaintiff may not pursue a due process claim. Id.

The Due Process Clause itself does not confer on Plaintiff a protected property interest in his prison wages, as inmates are not entitled to payment for their labor. Ward v. Ryan, 623 F.3d 807, 810-11 (9th Cir. 2010); Serra, 600 F.3d 1191 at 1196. However, it appears that California has created a protected property interest in wages for PIA inmate workers in as much as section 2811 of the Penal Code provides that a compensation schedule for prisoner employees *shall* be adopted and maintained by the PIA. Cal. Penal Code § 2811 (West 2010).

///

Just as any protected property interest in wages must be created by state law, state law limits and defines the contours of that interest. Ward, 623 F.3d at 811. Under section 2811, inmate workers are entitled to no more than one-half the minimum wage provided in Section 1182 of the Labor Code, and section 3041.2 of Title 15 of the California Code of Regulations provides the pay schedule for paid inmate assignments. Five skill levels are provided for, with the minimum allowable wage ranging between $0.08 and $0.32 an hour, depending on the skill level. Cal. Code Regs., tit. 15 § 3041.2(a)(1). At $0.40 an hour, Plaintiff's pay reduction did not fall below the minimum allowable wage for inmate labor, regardless of his skill level, and he had no entitlement to the higher wage. Tit 15 § 3041.2(1)(a). Accordingly, because Plaintiff did not have a protected property interest in being paid a higher wage, his due process claim is not cognizable. Serra, 600 F.3d at 1196 (no claim stated where inmates were paid no less than the applicable regulations allowed and there was no statutory or other right to the higher wages they sought). The Court recommends dismissal of the claim, with prejudice.

### D. Equal Protection Claim

Plaintiff also contests the reduction in his pay on the ground that he was similarly situated to the other inmate workers and the pay reduction was therefore unfair and discriminatory.[2] Plaintiff's claim is based not on intentional discrimination against a protected class of which he was a member, but on discriminatory treatment against him as an individual in comparison to the other similarly situated inmate workers. A claim that an individual has been irrationally singled out may sometimes support an equal protection claim under what is known as the "class-of-one theory." Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000). However, the class-of-one theory is inapplicable to employment decisions such as that at issue. Engquist, 553 U.S. at 594-95.

///

///

---

[2] Plaintiff alleges that because he was found not guilty of the rules violation and he did not receive a CDC-128-B chrono, he was similarly situated to the other inmate workers who were not subject to any pay reduction.

5

The reduction in Plaintiff's pay was a personnel decision and Plaintiff may not seek to constitutionalize what is an employee grievance simply because the employer is the government.[3] Engquist, 553 U.S. at 607-09. To the extent Plaintiff's pay was wrongfully reduced because he filed a grievance, he is not without redress. Id. at 609. The First Amendment protects Plaintiff from retaliatory actions such as he complains of in this action. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). The Court recommends dismissal of Plaintiff's equal protection claim, with prejudice, for failure to state a claim.

### E. Claims Against Dunn and Roehlk

Plaintiff's claims against Defendants Dunn and Roehlk arise from their denial of his inmate appeal at the informal level of review on December 22, 2008. Plaintiff contends that because they denied his appeal and let his wage reduction stand, they are liable for the violation of his constitutional rights by their subordinate, Defendant Villagrana. Plaintiff alleges they failed to correct his wage reduction when notified of Defendant Villagrana's wrongdoing, they wrongfully claimed he received CDC-128-B, they failed to adequately train and supervise Villagrana, and they failed to take action when notified that Villagrana retaliated against Plaintiff.

The existence of the prison grievance system does not confer any substantive rights on Plaintiff. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001). Therefore, Plaintiff's disagreement with the appeal decision rendered by Defendants Dunn and Roehlk, without more, provides no basis for the imposition of liability. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007)

Defendants may not be held liable for Defendant Villagrana's alleged misconduct by virtue of being notified of it after the fact via Plaintiff's inmate appeal, either. Iqbal, 129 S.Ct. at 1948-49; Jones, 297 F.3d at 934; George, 507 F.3d at 609. Defendants Dunn and Roehlk were not personally involved in the reduction of Plaintiff's pay and cannot be held liable for Defendant Villagrana's past action simply because they are superior officers and reviewed Plaintiff's appeal of the misconduct.

///

---

[3] Although Plaintiff is an inmate worker as opposed to a free member of society, that distinction is irrelevant and does not free Plaintiff from the constraint against constitutionalizing personnel decisions.

Iqbal, 129 S.Ct. at 1948-49; Jones, 297 F.3d at 934; George, 507 F.3d at 609. The Court recommends dismissal of the claims against Defendants Dunn and Roehlk, with prejudice.

### III. Conclusion and Recommendation

The Court finds that Plaintiff's complaint states a cognizable claim against Defendant Villagrana for retaliation, in violation of the First Amendment. However, Plaintiff's due process and equal protection claims fail as a matter of law, and Plaintiff fails to state any claims against Defendants Dunn and Roehlk. The deficiencies at issue are not capable of being cured through amendment and the Court therefore recommends dismissal, with prejudice. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's complaint against Defendant Villagrana for retaliation, in violation of the First Amendment;
2. Plaintiff's due process and equal protection claims be dismissed, with prejudice, for failure to state a claim upon which relief may be granted; and
3. Defendants Dunn and Roehlk be dismissed from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 31, 2011**           /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE