# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS W. DAVIS, | CASE NO. 1:09-cv-01897-AWI-SKO PC |
| Plaintiff, | ORDER DENYING MOTION FOR CHANGE OF VENUE AND DENYING MOTION FOR RECUSAL |
| v. | |
| T. VILLAGRANA, | (Doc. 16) |
| Defendant. | |

Plaintiff Francis W. Davis, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 29, 2009. Pursuant to the Court's order filed on June 20, 2011, this action is proceeding against Defendant Villagrana for retaliation, in violation of Plaintiff's First Amendment rights.

On June 27, 2011, Plaintiff filed a motion seeking a change of venue to the Northern District of California. Plaintiff's request arises from his disagreement with the Court's June 20 screening order, which he contends was prejudicial and evidences the Court's inability to be fair and impartial.[1]

The events at issue in this action occurred at the California Substance Abuse Treatment Facility in Corcoran, California, and Defendant Villagrana is employed there. (Doc. 1.) Thus, this action was initiated in the proper division and district, and Plaintiff's disagreement with the Court's ruling does not constitute good cause to transfer this action to another district with no connection to

---

[1] The Magistrate Judge screened Plaintiff's complaint and issued findings and recommendations on February 1, 2011. 28 U.S.C. § 1915A. (Doc. 11.) Plaintiff filed an objection on February 25, 2011, and the undersigned adopted the findings and recommendations in full on June 20, 2011, which resulted in the dismissal of all claims and parties except for the retaliation claim proceeding against Defendant Villagrana. (Docs. 12, 14.)

the events or the parties. 28 U.S.C. §§ 1391(b), 1404(a); Local Rule 120(d). Accordingly, Plaintiff's motion is denied.

To the extent that Plaintiff's motion is construed as a motion seeking recusal of the undersigned, that motion is also denied.  A judge must disqualify himself if "his impartiality might be reasonably questioned," 28 U.S.C. § 455(a), or if "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1).  "[J]udicial rulings or information acquired by the court in its judicial capacity will rarely support recusal." United States v. Johnson, 610 F.3d 1138, 1147 (9th Cir. 2010) (citing Litkey v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147 (1994)).

The objective test for determining whether recusal is required is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. Johnson, 610 F.3d at 1147 (quotation marks and citation omitted); Pesnell v. Arsenault, 543 F.3d 1038. 1043 (9th Cir. 2008).  "Adverse findings do not equate to bias," Johnson, 610 F.3d at 1147, and in this instance, Plaintiff disagrees with the Court's ruling against him, which does not support recusal.

For the reasons set forth herein, Plaintiff's motion for a change of venue and for recusal of the undersigned, filed June 27, 2011, is HEREBY ORDERED DENIED.

IT IS SO ORDERED.

Dated:   June 30, 2011

_____
CHIEF UNITED STATES DISTRICT JUDGE