# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS W. DAVIS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>T. VILLAGRANA,<br><br>　　　　　Defendant.<br>_____/ | CASE NO. 1:09-cv-01897-AWI-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED, DEFENDANT'S MOTION TO STRIKE BE DENIED, AND DEFENDANT'S MOTION TO DISMISS BE DENIED<br><br>(Docs. 23, 24, and 27)<br><br>THIRTY-DAY OBJECTION DEADLINE |

**Findings and Recommendations Addressing Motions**

**I.   Procedural History**

Plaintiff Francis W. Davis, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 29, 2009. This action is proceeding against Defendant Villagrana for retaliation, in violation of the First Amendment of the United States Constitution.[1]  28 U.S.C. § 1915A.

On October 6, 2011, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant filed a motion to dismiss for failure to state a claim and on the ground of qualified immunity. Plaintiff filed an opposition and what is entitled a "Motion for Summary Judgment" on

///

---

[1] Plaintiff's due process and equal protection claims were dismissed for failure to state a claim, as were Defendants Dunn and Roehlk. (Doc. 14.)

1

October 17, 2011. Defendant filed a reply on November 4, 2011, and a motion to strike Plaintiff's motion for summary judgment on November 8, 2011. Plaintiff filed an opposition to the motion to strike on November 18, 2011.

## II.   Plaintiff's Motion for Summary Judgment and Defendant's Motion to Strike

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mutual Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).

Further, Local Rule 260(a) requires that "[e]ach motion for summary judgment or summary adjudication shall be accompanied by a 'Statement of Undisputed Facts' that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon to establish that fact. The moving party shall be responsible for the filing of all evidentiary documents cited in the moving papers."

Although Plaintiff requests that summary judgment be granted in his favor, his motion was filed in response to Defendant's motion to dismiss and it sets forth only arguments in support of his position that he is entitled to judgment. The motion does not comply with Local Rule 260(a) in that it does not contain a statement of undisputed facts and it does not include the evidentiary documents relied upon.

In addition, Plaintiff bears the burden of proof at trial, and to prevail on summary judgment, he must affirmatively demonstrate that no reasonable trier of fact could find other than for him. Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007). A finding at the screening

///

stage that Plaintiff stated a claim does not equate to entitlement to judgment as a matter of law. (Doc. 24, Motion, 1:24-25.)

Accordingly, the Court recommends that Plaintiff's motion for summary judgment be denied as procedurally deficient and Defendant's motion to strike be denied as moot.

### III.    Defendant's Motion to Dismiss

####     A.    Legal Standard for Motions to Dismiss

#####         1.    Materials Properly Considered by the Court on a 12(b)(6) Motion

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003-04 (9th Cir. 2006); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

However, courts may properly consider matters subject to judicial notice and documents incorporated by reference in the pleading without converting the motion to dismiss to a motion for summary judgment. U.S. v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Under the doctrine of incorporation by reference, a court may consider a document provided by the defendant which was not attached to the pleading if the plaintiff refers to the document extensively or if it forms the basis of the plaintiff's claim. Ritchie, 342 F.3d at 908; also Daniels-Hall, 629 F.3d at 998.

Here, Defendant supports his motion to dismiss with copies of Plaintiff's inmate appeal, the response to that appeal, and a rights and responsibilities statement. (Doc. 23-2, Motion, Ex. A.) Plaintiff objects to the evidence as inadmissible, and he also objects to Defendant's citations to the exhibits attached to his complaint.

Because the inmate appeal was referred to by Plaintiff in his complaint and it forms the basis for Plaintiff's retaliation claim against Defendant, consideration of it is appropriate on a motion to dismiss and Plaintiff's objection is overruled. Plaintiff's objection to Defendant's citation to his

exhibits is also without merit. Documents attached to a pleading as exhibits may unquestionably be considered in resolving a motion to dismiss, as they are part of the operative pleading. Fed. R. Civ. P. 10(c).

### 2. **Pleading Standard**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Huynh, 465 F.3d at 996-97; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000). Further, although the pleading standard is now higher, prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).

### B. **Discussion**

#### 1. **Cognizablility of Plaintiff's First Amendment Claim**

Plaintiff is proceeding on a retaliation claim, and "[w]ithin the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Defendant argues that he is entitled to dismissal of Plaintiff's claim because the adverse action at issue - a reduction in Plaintiff's wages - was taken since Plaintiff failed to show up for work and not because Plaintiff engaged in protected conduct. Defendant also argues that Plaintiff's

///

claim is factually impossible because he reduced Plaintiff's wages on November 1, 2008, which was prior to the receipt of Plaintiff's appeal against Officer Wajda.

The Court previously screened Plaintiff's complaint for claim cognizability and in doing so, it issued a thorough, detailed order explaining the bases for its findings. 28 U.S.C. § 1915A; Docs. 11, 14. The screening standard is the same standard which governs Rule 12(b)(6) motions, Watison, 668 F.3d at 1112, and in moving to dismiss, Defendant does not distinguish the grounds for his motion from those set forth in the screening order or articulate where the Court erred. Indeed, the motion is devoid of mention that the complaint was screened and a ruling issued on the cognizability of Plaintiff's claim. The Court generally takes a dim view of motions to dismiss for failure to state a claim under these circumstances and unless a motion sets forth new or different grounds not previously considered by the Court, it is disinclined to "'rethink what it has already thought.'" Sequoia Forestkeeper v. U.S. Forest Service, No. CV F 09-392 LJO JLT, 2011 WL 902120, at *6 (E.D.Cal. Mar. 15, 2011) (quoting United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998)).

However, in light of Defendant's argument that Plaintiff's claim is factually impossible, supported by a copy of the appeal at issue, the Court will revisit the issue. Briefly, Plaintiff alleges in his complaint that on December 1, 2008, Defendant retaliated against him for filing a grievance against Officer Wajda and reduced his pay "illegally" from $0.65 to $0.40 per hour. (Doc. 1, Comp., court record pp. 4, 5.) Plaintiff further alleges that Defendant asked him to withdraw his appeal against Officer Wajda and Plaintiff refused. (Id., p. 5.) In an appeal attached as an exhibit and dated December 1, 2008, Plaintiff states that on November 18, 2008, Defendant called him to the office to sign a CDC 101 form regarding the pay reduction, which was to be effective December 1, 2008.[2] (Id., Ex. 1, court record pp. 12-14.) Plaintiff also stated in the appeal that Defendant retaliated against him for filing an appeal against Officer Wajda. (Id.)

Although Plaintiff was on the receiving end of a counseling chrono and a rules violation report prior to the pay reduction, he alleges that Defendant asked him to withdraw his grievance and

---

[2] A CDC 101 form is a "Work Supervisor's Report." (Comp., pp. 21-24.)

5

1  reduced his pay when he refused. At the pleading stage, this is sufficient to support an inference that
2  the pay reduction was retaliatory rather than in furtherance of a legitimate correctional goal.
3  Watison, 668 F.3d at 1114.

4        Plaintiff's appeal against Officer Wajda was dated October 29, 2008, by Plaintiff and it was
5  date-stamped November 3, 2008, by the appeals office. (Doc. 23-2, Motion, p. 6.) While the CDC
6  101 form bears a date of November 1, 2008, suggesting it may have been prepared prior to the
7  prison's receipt of Plaintiff's appeal against Defendant Wajda, Plaintiff has alleged that he was
8  called into the office to sign the form on November 18, 2008, when Defendant asked him to
9  withdraw his appeal against Defendant Wajda. (Comp., pp. 12, 14, 27.) When Plaintiff refused, the
10 pay reduction was processed.

11       At this stage, the Court cannot weigh the evidence or assess the credibility of witnesses, and
12 Plaintiff is entitled to have the material allegations taken as true and construed in the light most
13 favorable to him. Id. at 1112. At a later stage in the proceedings, Plaintiff may find it difficult to
14 meet his burden of showing that "that there were no legitimate correctional purposes motivating the
15 actions he complains of." Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995). The Court must
16 "'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered
17 legitimate penological reasons for conduct alleged to be retaliatory," Pratt, 65 F.3d at 807 (quoting
18 Sandin v. Conner, 515 U.S. 472, 482, 115 S.Ct. 2293, 2299 (1995)), and Plaintiff may face a
19 challenge in demonstrating that the wage reduction did not reasonably advance a legitimate
20 penological goal given that it followed two incidents in which Plaintiff failed to comply with
21 security-related directives given to him by staff, resulting in the issuance of a counseling chrono and
22 a rules violation report.

23       Be that as it may, at this stage Plaintiff has alleged that after he filed an inmate appeal against
24 Officer Wajda, Defendant asked him to withdraw the appeal and when he refused, his pay was
25 reduced. As previously stated, this is sufficient to support an inference that his pay was reduced not
26 as a disciplinary measure but because he would not withdraw his grievance, which is impermissible
27 under the First Amendment. Watison, 668 F.3d at 1114. Therefore, the Court recommends that
28 Defendant's motion to dismiss for failure to state a claim be denied.

### 2. **Qualified Immunity**

#### a. **Legal Standard**

Defendant also argues that he is entitled to qualified immunity, which shields government officials from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). "Qualified immunity balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably," Pearson v. Callahan, 555 U.S. 223, 231, 129 S.Ct. 808, 815 (2009), and it protects "all but the plainly incompetent or those who knowingly violate the law," Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096 (1986).

In resolving a claim of qualified immunity, courts must determine whether, taken in the light most favorable to the plaintiff, the defendant's conduct violated a constitutional right, and if so, whether the right was clearly established. Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156 (2001); Mueller v. Auker, 576 F.3d 979, 993 (9th Cir. 2009). While often beneficial to address in that order, courts have discretion to address the two-step inquiry in the order they deem most suitable under the circumstances. Pearson, 555 U.S. at 236, 129 S.Ct. at 818 (overruling holding in Saucier that the two-step inquiry must be conducted in that order, and the second step is reached only if the court first finds a constitutional violation); Mueller, 576 F.3d at 993-94.

#### b. **Clearly Established Right**

Having already determined that Defendant's conduct violated the First Amendment, the Court must determine whether the right was clearly established. "For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable officer would understand that what he is doing violates that right." Hope v. Pelzer, 536 U.S. 730, 739, 122 S.Ct. 2508, 2515 (2002). While the reasonableness inquiry may not be undertaken as a broad, general proposition, neither is official action entitled to protection "unless the very action in question has previously been held unlawful." Hope, 536 U.S. at 739. "Specificity only requires that the unlawfulness be apparent under preexisting law," Clement v. Gomez, 298 F.3d 898, 906 (9th Cir. 2002) (citation omitted), and

prison personnel "can still be on notice that their conduct violates established law even in novel factual circumstances," Hope, 536 U.S. at 741. The salient question is whether the state of the law in 2008 gave Defendant fair warning that his alleged treatment of Plaintiff was unconstitutional. Hope, 536 U.S. at 741 (quotation marks omitted).

By 2008, the prohibition against retaliatory punishment was clearly established. Rhodes, 408 F.3d at 569; Bruce v. Ylst, 351 F.3d 1283, 1290 (9th Cir. 2003). Thus, a reasonable officer would have known that he could not take adverse action against an inmate for filing a grievance. Bruce, 351 F.3d at 1288. As previously stated, what the evidence will show remains to be seen, but under the circumstances as alleged at the pleading stage, Defendant is not entitled to qualified immunity. The Court recommends that Defendant's motion to dismiss on the ground of qualified immunity be denied, with prejudice to being raised in a 12(b)(6) motion.[3]

**IV.     Recommendations**

For the reasons set forth above, the Court HEREBY RECOMMENDS that:

1. Plaintiff's motion for summary judgment, filed on October 17, 2011, be DENIED;
2. Defendant's motion to strike, filed on November 8, 2011, be DENIED as moot; and
3. Defendant's motion to dismiss, filed on October 6, 2011, be DENIED, with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

///
///
///
///

---

[3] Defendant is free to raise qualified immunity again, but not at the pleading stage in a motion to dismiss.

8

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   April 30, 2012**                                         /s/ Sheila K. Oberto
                                                                    UNITED STATES MAGISTRATE JUDGE