# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS W. DAVIS, | CASE NO. 1:09-cv-01897-AWI-SKO PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS |
| v. | (Doc. 39) |
| T. VILLAGRANA, | |
| Defendant. | |

**Order Denying Motion to Compel and for Sanctions**

**I.  Procedural History**

Plaintiff Francis W. Davis, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 29, 2009. This action is proceeding against Defendant Villagrana for retaliation, in violation of the First Amendment of the United States Constitution. Plaintiff held an inmate labor position at the California Substance Abuse Treatment Facility peanut butter and jelly plant, and his claim arises out of the November 2008 reduction in his pay, which he alleges was in retaliation against him for refusing to withdraw his inmate appeal against Officer Wadja.

On December 26, 2012, Plaintiff filed a motion to compel further responses to select discovery requests and for sanctions. Fed. R. Civ. P. 37(a). Defendant filed an opposition on January 15, 2013, Plaintiff filed a reply on February 11, 2013, and the motion has been submitted upon the record. Local Rule 230(l).

///

## II. Motion to Compel

### A. Request for Production of Documents

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1) (quotation marks omitted).

Plaintiff seeks to compel responses to production of document requests (PODs) 1, 2, and 5.[1]

**POD 1:** "Any and all CDC-128-B General Chronos in Prison Industry Authority's files which concern Plaintiff's on the job training, certificates received, and disciplinary actions taken against him for refusal to work."

**Response:** Despite objecting to the request as overly broad, burdensome, compound, and vague, Defendant produced copies of all CDCR-128-B forms in Plaintiff's Prison Industry personnel file for his position at the peanut butter and jelly plant.[2]

**Ruling:** Plaintiff's motion to compel is denied.

Plaintiff argues that Defendant failed to produce the CDCR-128-B general chrono "supposedly prepared" against Plaintiff for failing to report to work, states that he wants a copy of the document, and asserts that defense counsel refuses to admit that no such document was ever filed. (Doc. 39, Motion, 1:27.)

In opposition to Plaintiff's motion, Defendant states that he provided all responsive documents.

Absent evidence to the contrary, which has not been presented, Plaintiff is required to accept Defendant's response that he produced all documents responsive to Plaintiff's request, narrowed to those documents relevant to Plaintiff's claim.

///

---

[1] The discovery requests and responses at issue in Plaintiff's motion to compel are attached to Plaintiff's motion for the appointment of counsel filed on November 2, 2012. (Doc. 37.)

[2] Plaintiff request was overly broad in that no time frame was specified and it was not limited to documents relevant to Plaintiff's claim in this action. Defendant's decision to limit his response to documents relating to Plaintiff's employment at the peanut butter and jelly plant was reasonable and presents no basis for objection.

Plaintiff's position that the CDCR-128-B general chrono he seeks does not exist cannot be reconciled with his position that production of the document should be compelled. (Doc. 1, Comp., p. 8; Doc. 39, Motion, 1:26-2:7.) If Plaintiff wanted an admission that no such document was ever issued, his recourse was to serve a request for admission on Defendant and the Court notes that he did so.[3] Plaintiff may not seek to compel from defense counsel a voluntary "admission" that no such document exists.

**POD 2:** "A copy of [']Inmate Work Supervisor's Time Log['] for the months of March and April 2009."

**Response:** Despite objecting to the request as vague, ambiguous, and calling for information which is not relevant and not likely to lead to the discovery of admissible evidence, Defendant produced the CDCR 1697 (Inmate Work Supervisor's Time Log) forms showing Plaintiff's work attendance which were in his possession, custody, or control.

**Ruling:** Plaintiff's motion to compel is denied.

Plaintiff argues that Defendant produced the forms for 2008 but not 2009 as requested. However, Plaintiff must accept Defendant's response that he produced all the logs in his possession, custody, or control, and furthermore, Plaintiff has made no showing that logs from 2009 are relevant to his claim, which arises from an event in November 2008.

**POD 5:** "A copy of 'PIA Inmate Performance Appraisals' that govern a downgrade in pay scale and/or position, demotion, or termination by referral to the facility classification committee for program change."

**Response:** Defendant objected to the request as vague, ambiguous, compound, calling for speculation, and unintelligible, and he declined to produce any documents in response.

**Ruling:** Plaintiff's motion to compel is denied.

It is unclear what Plaintiff is seeking, as his motion to compel is limited to arguments relating to the merits of his claim and no showing is made regarding what documents he is seeking and whether he believes responsive documents exist. Plaintiff refers to a CDC Form 101 in his motion,

---

[3] Request for admission number 5, discussed in subsection B, seeks this information.

3

but Defendant produced multiple CDC Form 101 documents in response to a different POD. Plaintiff's motion to compel a further response is denied.

### B. Requests for Admission

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1).

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).

Plaintiff seeks to compel further responses to requests for admission (RFAs) 5, 6, 9, and 11.

**RFA 5:** "Defendant T. Villagrana never prepared a CDCR Form 128-B General Chrono on 10-27-2008 against Plaintiff for refusing to work. (See DOM §51121.12)."

**RFA 6:** Defendant T. Villagrana verified that c/o Wajda only filed a CDCR Form 128-A (Counseling Report). (See ECF #23, Memorandum of Points and Authorities in Support of Motion to Dismiss, page 2, line 5-15); See also ECF #23, Memorandum, page 5, line 7-8.

**Responses to RFAs 5 and 6:** Deny.

**Ruling:** Plaintiff's motion to compel is denied.

Defendant denied these requests for admission and Plaintiff is required to accept those answers. If Plaintiff later proves these matters to be true, his recourse is to seek reasonable expenses incurred in making that proof, but he may not launch a bare, unsupported attack on the veracity of the responses in a motion to compel. Fed. R. Civ. P. 37(c)(2); Marchand v. Mercy Med. Cntr., 22 F.3d 933, 937-39 (9th Cir. 1994).

**RFA 9:** "Plaintiff was at work when he signed the CDCR Form 101. (See ECF #1, page 27)."

4

**Response:** Defendant lacks the information to admit or deny whether Plaintiff was at work when he signed the form.

**Ruling:** Plaintiff's motion to compel is denied. The response is sufficient.

**RFA 11:** "Defendant T. Villagrana did not inform Plaintiff about a reduction in pay on 11-10-2008, his first day back at work."

**Response:** Defendant lacks the information or belief to admit or deny the specific date he informed Plaintiff of the pay reduction.

**Ruling:** Plaintiff's motion to compel is denied. The response is sufficient.

### C. Interrogatories

An interrogatory may relate to any matter that may be inquired into under Rule 26(b), and an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. Fed. R. Civ. P. 33(a)(2) (quotation marks omitted). Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981). The responding party shall use common sense and reason. E.g., Collins v. Wal-Mart Stores, Inc., No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008). A responding party is not generally required to conduct extensive research to answer an interrogatory; however, a `reasonable effort to respond must be made. L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

Plaintiff seeks to compel further responses to interrogatories (ROGs) 1 and 17.

**ROG 1:** "Identify any and all documents relating to the reduction of Plaintiff's payrate. (Please see DOM § 51121.12)."

**Response:** Despite objecting to the request as overly broad, burdensome, vague, ambiguous, and calling for information which is not relevant and not likely to lead to the discovery of admissible evidence, Defendant responded that, assuming Plaintiff is seeking the identification of documents required to complete Plaintiff's pay reduction, those documents were: (1) produced in response to

1  POD 1, (2) a CDC-128-B form authored by Defendant which he has been unable to locate, and (3)
2  additional payroll and administrative documents not within Defendant's possession, custody, or
3  control.
4        **Ruling:** Plaintiff's motion to compel is denied.
5        Plaintiff must accept Defendant's response, as Plaintiff has made no showing that there exist
6  additional responsive documents within Defendant's possession, custody, or control but which he
7  failed to produce. As with other discovery requests previously addressed herein, Plaintiff seeks the
8  production of a CDC-128-B form which Defendant claims he authored and which Plaintiff claims
9  was never issued. The Court cannot order the production of a document that either may exist but has
10  not been located, as Defendant maintains, or does not exist, as Plaintiff maintains.
11        **ROG 17:** "Defendant T. Villagrana do you realize that the CDCR-101 was prepared on the
12  very same day that the First Level Review was conducted in your office for Appeal Log No. SATF-
13  D-08-05623? It was 11-19-2008."
14        **Response:** Despite objecting to the request as lacking foundation, compound, unintelligible,
15  and argumentative, Defendant responded that he did not participate in any appeal investigation or
16  interview of Plaintiff on November 19, 2008.
17        **Ruling:** Plaintiff's motion to compel is denied.
18        It appears from Plaintiff's motion that Plaintiff wanted Defendant to admit that he was
19  physically present in the office on November 19, 2008, when Plaintiff was interviewed for his
20  appeal. If so, Plaintiff should have served a request for admission. Plaintiff's interrogatory is not
21  framed to elicit the response to which Plaintiff appears to believe he is entitled and given the way
22  the interrogatory was framed, the Court can find no fault with Defendant's response.
23  **III.     Motion for Sanctions**
24        Plaintiff seeks the imposition of sanctions against Defendant based on Defendant's "evasive,
25  dishonest, mischievous and perjured responses" to Plaintiff's discovery requests. (Motion, pp. 1,
26  6.)
27        Plaintiff's motion to compel was denied and therefore, he is not entitled to the payment of
28  expenses under Federal Rule of Civil Procedure 37(a)(5).

Furthermore, the record is devoid of any support for sanctions against Defendant under the Court's inherent authority, which requires a finding of bad faith or conduct tantamount to bad faith.[4] Roadway Express, Inc. v. Piper, 447 U.S. 752, 767, 100 S.Ct. 2455 (1980); Miller v. City of Los Angeles, 661 F.3d 1024, 1036 (9th Cir. 2011); Gomez v. Vernon, 255 F.3d 1118, 1134 (9th Cir. 2001); Fink v. Gomez, 239 F.3d 989, 993-94 (9th Cir. 2001).

Plaintiff's mere disagreement with Defendant's responses to his discovery requests provides no basis for the imposition of sanctions against Defendant. That there exist factual disputes between parties is at the heart of most litigation, and a party is not entitled to sanctions simply because that party believes his position is righteous while the other party is lying. Plaintiff may point out the absence of documentary evidence, inconsistencies in testimony, etc. at the appropriate juncture in these proceedings, but during discovery, Plaintiff's mere disagreement with the substance of Defendant's responses provides no basis for sanctions. Roadway Express, Inc., 447 U.S. at 767; Miller, 661 F.3d at 1036; Gomez, 255 F.3d at 1134; Fink, 239 F.3d at 993-94.

**IV.   Order**

Based on the foregoing, Plaintiff's motion to compel and for sanctions, filed on December 26, 2012, is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:   March 12, 2013**                    /s/ Sheila K. Oberto
                                              UNITED STATES MAGISTRATE JUDGE

---

[4] The Court also has the inherent power to sanction for the willful violation of a court order, but that is not at issue here. Evon v. Law Offices of Sidney Mickell, 688 F.3d 1015, 1035 (9th Cir. 2012).