# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS W. DAVIS, | CASE NO. 1:09-cv-01897-AWI-SKO PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS TO AMEND |
| v. | (Docs. 40 and 45) |
| T. VILLAGRANA, | |
| Defendant. | |

**Order Denying Motions to Amend**

**I.    Procedural History**

Plaintiff Francis W. Davis, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 29, 2009. This action is proceeding against Defendant Villagrana for retaliation, in violation of the First Amendment of the United States Constitution. Plaintiff held an inmate labor position at the California Substance Abuse Treatment Facility peanut butter and jelly plant, and his claim arises out of the November 2008 reduction in his pay, which he alleges was in retaliation against him for refusing to withdraw his inmate appeal against Officer Wadja.

Pursuant to the scheduling order, the deadline to amend the pleading was January 16, 2013, and on January 7, 2013, Plaintiff filed a timely motion seeking leave to amend. Fed. R. Civ. P. 15(a). On January 15, 2013, Defendant filed an opposition, noting in part that Plaintiff failed to include a proposed amended complaint, and on February 13, 2013, Plaintiff filed another motion seeking leave to amend accompanied by a proposed amended complaint. Defendant filed an

opposition to the second motion on February 26, 2013, Plaintiff filed a reply on March 11, 2013, and the motions have been submitted upon the record.[1]  Local Rule 230(l).

## II. Discussion

### A. Legal Standard

At this juncture in the proceedings, Plaintiff may only amend with leave of court, and Rule 15 provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[P]ublic policy strongly encourages courts to permit amendments" and "[t]he policy of allowing amendments is to be applied with extreme liberality." Waldrip v. Hall, 548 F.3d 729, 732 (9th Cir. 2008) (citations and internal quotation marks omitted), *cert. denied*, 130 S.Ct. 2415 (2010); also Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003); Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). In determining whether to grant leave to amend, courts generally consider four factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment. In re Korean Airlines Co., Ltd., 642 F.3d 685, 701 (9th Cir. 2011) (citing Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994)) (quotation marks omitted); also Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227 (1962); Waldrip, 548 F.3d at 732; AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006); Eminence Capital, LLC, 316 F.3d at 1052.

### B. Findings

Plaintiff's first motion to amend was timely filed but procedurally deficient in that it did not include a copy of the proposed amended complaint. Plaintiff's second motion to amend included a copy of the proposed amended complaint but was filed after the amended pleadings deadline expired. The Court elects to exercise its discretion and consider Plaintiff's motions together, as the second motion may be reasonably construed as a supplement to the first motion, intended to cure the procedural deficiency at issue with the first motion.

---

[1] In his reply, Plaintiff switches terminology and argues that he is attempting to supplement his complaint, but the claim Plaintiff seeks to add arises from events which occurred prior to the date suit was filed. Therefore, Plaintiff is attempting to amend rather than supplement, as the latter pertains to the addition of claims based on events which occurred after the date of the pleading to be supplemented. Fed. R. Civ. P. 15(d).

Plaintiff seeks leave to amend to name Defendant in his official capacity and to add a new retaliation claim against Defendant for failing to pay Plaintiff for the work he did in April 2009, in retaliation against him for filing an inmate appeal in December 2008. Defendant opposes the motion on the grounds of undue delay and futility, arguing that the Eleventh Amendment bars Plaintiff's claim for damages against Defendant in his official capacity and Plaintiff failed to exhaust his new retaliation claim.

### 1.   **Proposed Official Capacity Claim**

With respect to the official capacity claim, Plaintiff did not err in naming Defendant only in his individual capacity, as he represents. As a threshold matter, this is an action for damages and "[t]he Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). More to the point, an official capacity claim for prospective relief is a "'way of pleading an action against an entity of which of officer is an agent.'" Hartmann v. California Dep't of Corr. & Rehab., __ F.3d __, __, No. 11-16008, 2013 WL 600215, at *9 (9th Cir. Feb. 19, 2013) (quoting Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099 (1985)). An individual or personal capacity suit, by contrast, "seeks to impose individual liability upon a government officer for actions taken under color of state law," Hafer v. Melo, 502 U.S. 21, 25, 112 S.Ct. 358 (1991); OSU Student Alliance v. Ray, 699 F.3d 1053, 1061 (9th Cir. 2012) (citing Suever v. Connell, 579 F.3d 1047, 1060-61 (9th Cir. 2009)).

Plaintiff properly named Defendant in his individual capacity, as he is seeking damages based on Defendant's direct and personal involvement in the violation of his rights. OSU Student Alliance, 699 F.3d at 1061; Suever, 579 F.3d at 1060-61. Because an individual capacity claim is appropriate here and allowing Plaintiff leave to amend to add an official capacity claim would be futile, Plaintiff's motion to amend on this ground is denied. Woods v. City of San Diego, 678 F.3d 1075, 1082 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1105-06 (9th Cir. 2011); Carrico v. City and County of San Francisco, 656 F.3d 1002, 1008 (9th Cir. 2011).

///

///

### 2.     **Proposed Retaliation Claim**

In his proposed amended complaint and in his motion to amend, Plaintiff concedes that he did not separately exhaust his new retaliation claim. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003). (Doc. 44, Prop. Amend. Comp., § II; Doc. 45, Motion, 4:12-14.) Plaintiff relies upon the inmate appeal included with his original complaint and argues the Court should find that exhaustion of his current retaliation claim satisfies the exhaustion requirement as to his proposed retaliation claim. (Doc. 1, Comp., Ex. 1; Doc. 44, Prop. Amend. Comp., § II & Ex. 1; Doc. 45, Motion, 4:12-14.) However, based on a review of the record, Plaintiff's argument that he exhausted his proposed claim via his appeal of his present claim lacks merit.

As an initial matter, claims which accrued prior to the filing of suit must be exhausted prior to the date of filing. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); Akhtar v. Mesa, 698 F.3d 1202, 1210 (9th Cir. 2012); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Plaintiff filed suit on October 29, 2009, and he seeks to add a claim which accrued in April 2009. Thus, the claim must have been exhausted prior to October 29, 2009.

Plaintiff's proposed claim arises out of Defendant's failure to pay him for the work he did at the peanut butter and jelly plant in April 2009, allegedly in retaliation against him for filing an inmate appeal against Defendant in December 2008. The appeal Plaintiff filed concerning his current claim challenged the retaliatory pay reduction that occurred in November 2008. (Comp., Ex. 1.) The appeal did not grieve the failure to pay Plaintiff for work performed in April 2009 and in as much as Plaintiff submitted the appeal to the third and final level of review on April 1, 2009, it was impossible for the appeal to have placed prison officials on notice that Plaintiff was improperly deprived of payment for work he performed during the month of April 2009.[2] Sapp v. Kimbrell, 623 F.3d 813, 822-23 (9th Cir. 2010); Akhtar, 698 F.3d at 1211. Because it is clear from the record that Plaintiff has not exhausted his proposed claim, the Court declines to grant him leave to amend to add the claim.

///

---

[2] Plaintiff contends that on or around April 10, 2009, Defendant failed to submit the necessary paperwork to ensure Plaintiff was paid for the work he did in April 2009. (Doc. 40, Motion, 2:15-26.)

4

### III.     Conclusion and Order

For the reasons set forth herein, the Court finds that it would be futile to allow Plaintiff to amend to name Defendant in his official capacity and to add his unexhausted retaliation claim. E.g., Woods, 678 F.3d at 1082; Silva, 658 F.3d at 1105-06; Carrico, 656 F.3d at 1008.  Based on this finding, the Court does not reach Defendant's alternative argument of undue delay, and Plaintiff's motions to amend, filed on January 7, 2013, and February 13, 2013, are HEREBY ORDERED DENIED.

IT IS SO ORDERED.

**Dated:     March 15, 2013**                              /s/ Sheila K. Oberto
                                                                           UNITED STATES MAGISTRATE JUDGE