# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS W. DAVIS,<br><br>    Plaintiff,<br><br>    v.<br><br>T. VILLAGRANA,<br><br>    Defendant.<br>_____/ | Case No. 1:09-cv-01897-AWI-SKO PC<br><br>ORDER DENYING MOTION FOR STAY PENDING RULING ON EVIDENTIARY OBJECTIONS, GRANTING MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION/REPLY, AND DENYING RULE 56(D) MOTON<br><br>(Docs. 61 and 62)<br><br>THIRTY-DAY DEADLINE TO FILE OPPOSITION/REPLY |

## I.   Procedural History

Plaintiff Francis W. Davis ("Plaintiff"), a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 29, 2009.[1] This action is proceeding against Defendant T. Villagrana ("Defendant") for retaliation, in violation of the First Amendment of the United States Constitution.

Pending before the Court is Plaintiff's motion for summary judgment, filed on April 29, 2013, and Defendant's motion for summary judgment and opposition to Plaintiff's motion, filed on June 11, 2013. In conjunction with his motion and opposition, Defendant filed objections to Plaintiff's evidence.

---

[1] In accordance with the Court's general practice, Local Rule 230(*l*) shall continue to apply to this case, despite Plaintiff's release from prison.

On June 28, 2013, Plaintiff filed a response to Defendant's evidentiary objections and objections to Defendant's evidence. On the same day, Plaintiff filed a motion seeking a thirty-day extension of time to file an opposition to Defendant's motion and to stay the action pending resolution of the parties' objections to the evidence offered in support of their respective motions.

On July 15, 2013, Plaintiff filed a motion seeking an order denying Defendant's motion for summary judgment. Based on its contents, the motion is construed as brought pursuant to Federal Rule of Civil Procedure 56(d).

Defendant filed an opposition to Plaintiff's motions on July 30, 2013, and Plaintiff filed a reply on August 7, 2013.[2]

## II.     Motion for Extension of Time and Motion for Stay

Plaintiff's motion to stay pending a ruling on the evidentiary objections is denied. The Court will consider and resolve the evidentiary objections during the course of addressing the parties' motions for summary judgment. The Court declines to take what would be an unusual step of issuing an evidentiary ruling in advance of and in isolation from undertaking its comprehensive review of the pending motions for summary judgment.

The Court will, however, grant Plaintiff an extension of time to file an opposition to Defendant's motion for summary judgment and, if desired, a reply to Defendant's opposition to his motion. Plaintiff's opposition and reply are due within thirty (30) days from the date of service of this order.[3]

## III.    Rule 56(d) Motion

Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). In seeking relief under Rule 56(d), Plaintiff bears the burden of specifically identifying relevant information, where there

---

[2] With respect to Plaintiff objection to Defendant's opposition to his June 28, 2013, motion as untimely, the Court has determined that Plaintiff is not entitled to the relief he seeks, a determination which is not altered whether Defendant's opposition is considered or disregarded as untimely under Local Rule 230(*l*).

[3] Plaintiff's reply is optional. Local Rule 230(*l*).

is some basis for believing that the information actually exists, and demonstrating that the evidence sought actually exists and that it would prevent summary judgment. *Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (quotation marks and citation omitted); *Getz v. Boeing Co.*, 654 F.3d 852, 867-68 (9th Cir. 2011); *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100-01 (9th Cir. 2006).

Here, however, the deadline for the completion of all discovery was March 16, 2013 and Defendant's motion for summary judgment was filed well after the close of discovery. Therefore, Plaintiff's contention that he needs further discovery to oppose the motion lacks merit.

With respect to Plaintiff's specific argument that Defendant should be required to produce the CDC 128-B form he stated he prepared but was unable to locate, the Court notes that Plaintiff sought this document in discovery and Defendant was unable to produce it. The Court denied Plaintiff's motion to compel and informed him that he was required to accept the response that all locatable documents had been produced. (Doc. 50, Order, 2:8-3:6.) Plaintiff has submitted no evidence that the document was subsequently located or otherwise bringing into question the veracity of Defendant's response, and the Court declines to revisit the issue.

**IV.     Order**

Based on the foregoing, it is HEREBY ORDERED that:

1.     Plaintiff's motion to stay the motions for summary judgment pending a ruling on the parties' evidentiary objections is DENIED;

2.     Plaintiff's motion for an extension of time to file his opposition and reply is GRANTED;

3.     Plaintiff has **thirty (30) days** from the date of service of this order within which to file an opposition and, if desired, a reply;

4.     **Plaintiff is warned that the failure to file an opposition in compliance with this order will result in dismissal of this action, with prejudice**; and

///

///

3

5. Plaintiff's Rule 56(d) motion is DENIED.

IT IS SO ORDERED.

Dated: **January 6, 2014**                    /s/ Sheila K. Oberto
                                   UNITED STATES MAGISTRATE JUDGE